[Cite as *Bank of Am., NA v. Valentine*, 2013-Ohio-598.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BANK OF AMERICA, NA | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| LEWIS J. VALENTINE, ET AL. | : | Case No. 12 CAE 03 0020 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:                 Appeal from the Court of Common
                                          Pleas, Case No. 10 CVE 09-1425


JUDGMENT:                                 Affirmed


DATE OF JUDGMENT:                         February 13, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

LAURA A. HAUSER                           LEWIS VALENTINE, PRO SE
127 Public Square                         4642 Aberdeen Avenue
3900 Key Tower                            Dublin, OH  43016
Cleveland, OH  44114

MICHAEL L. DILLARD, JR.
41 South High Street
Suite 1700
Columbus, OH  43215

*Farmer, J.*

{¶1}   On September 29, 2010, appellee, Bank of America, N.A., filed a complaint in foreclosure against Debra Valentine and appellant, Lewis Valentine, for failure to pay on a note secured by a mortgage.

{¶2}   A bench trial before a magistrate was held on October 28, 2011. By decision dated December 28, 2011, the magistrate found in favor of appellee as against appellant in the amount of $674,918.76 plus interest. Appellant filed objections. By judgment entry filed February 27, 2012, the trial court denied the objections and approved and adopted the magistrate's decision.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT THE RIGHT TO QUESTION A MATERIAL WITNESS, HENCE JUDGMENT BECOMES INAPPROPRIATE AND MUST BE DENIED."

II

{¶5}   "TRIAL COURT ERRED IN DENYING APPELLANT DISCOVERY AND THE OPPORTUNITY TO OBTAIN THE NEEDED INFORMATION TO CONDUCT ANY DEFENSE OF THE ALLEGATIONS LEVIED AGAINST APPELLANT."

III

{¶6}   "THE TRIAL COURT ERRED IN KNOWINGLY ALLOWING APPELLEE'S COUNSEL MANLEY-DEAS-KOCHALSKI TO REPRESENTING APPELLEE WHEN

ONE OF THEIR CURRENT, ON STAFF, PRACTICING ATTORNEY'S HAD PREVIOUSLY REPRESENTED APPELLANT."

I

{¶7}   Appellant claims the trial court erred in not permitting him to cross-examine appellee's trial counsel, Charles Janes, as Mr. Janes had signed the responses to his request for admissions.  We disagree.

{¶8}   Mr. Janes signed the responses to appellant's first request for admissions following the language: "As to all objections, general and specific, mentioned above, and otherwise as to the above responses on behalf of Plaintiff."  In response to Admission No. 1 which stated, "[a]dmit you have the proper authority to answer these questions," Mr. Janes wrote: "Objection.  It is unknown to whom 'you' refers, other than the Plaintiff.  This is not a proper request under Civ. R. 36.  Without waiving the objection, Plaintiff admits that it has proper authority to answer these questions."

{¶9}   Essentially the responses consisted of general denials of the request for admissions, along with objections.  From our review, Mr. Janes did not offer any admission that would qualify as an admission of a party and therefore, the admissions did not have any evidentiary value.  In addition, the admissions were not made under oath.  Further, Mr. Janes was not identified as a witness for trial.  See, Scheduling Entry filed April 4, 2011.

{¶10}  In its February 27, 2012 judgment entry overruling appellant's objections to the magistrate's decision, the trial court addressed this issue as follows:

Civ.R. 36(A)(1) states that a matter is admitted unless "the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, <u>signed by the party or the party's attorney</u>." (Emphasis added.) The Court finds no evidence in the record before it to support the Defendant's assertion that Attorney Janes acted outside the scope of his role as attorney for the Plaintiff.

The Court finds that the evidence supports the Magistrate's decision disallowing cross-examination of Attorney Charles Janes.

{¶11} Upon review, we concur with the trial court's interpretation of Civ.R. 36(A)(1), and find no error in denying the cross-examination of Mr. Janes.

{¶12} Assignment of Error I is denied.

II

{¶13} Appellant claims the trial court erred in denying his motion to compel discovery. We disagree.

{¶14} In its February 27, 2012 judgment entry overruling appellant's objections to the magistrate's decision, the trial court addressed this issue as follows:

The trial in this matter was initially scheduled for August 18, 2011. By the Defendant's own admission, he did not pursue discovery prior to this date. Upon the Plaintiff's motion, the Court continued the trial until October 28, 2011. The Defendant contends that the continuance of the

trial date expanded the time for discovery for the Plaintiff and the Defendant. The Plaintiff moved the Court to continue the trial so that it could obtain the original promissory note. In the Court's entry continuing the trial date, there is no mention of extending a discovery deadline. The entry simply continued the trial date from August 18, 2011 until October 28, 2011.

The Defendant did not timely request discovery in this case and the Defendant did not seek leave of court to conduct discovery after the Court continued the trial date. Therefore, the Court finds that the Magistrate properly denied the Defendant's Motion to Compel Discovery and for Award of Sanctions.

{¶15} After unsuccessful mediation, the trial court returned the case to the active docket and ordered the following pursuant to a scheduling entry filed on April 4, 2011:

Dispositive Pre-Trial Motions shall be filed with the Clerk of Courts on or before **May 16, 2011**.***

Prior to submitting any dispositive pre-trial motion, the Plaintiff shall have examined the filings in the case to ensure that all materials needed to dispose of the case have been filed and that all parties have been served. **Failure to comply will result in an administrative dismissal pursuant to Civil Rule 41 (B)(1) on May 23, 2011.**

***

There will be no extension **of any deadline or date established in this order by agreement of the Parties. A Motion and Order are required for any modification**. (Emphasis sic.)

{¶16} Three days later, on April 7, 2011, the trial court filed an order granting appellant until May 15, 2011 "in which to file their answer or other response in this case." The trial court also noted that "[d]ispositive motions shall be filed by June 6, 2011." By judgment entry filed July 5, 2011, the trial court set a trial date for August 18, 2011.

{¶17} On August 19, 2011, the trial court continued the trial date at appellee's request to October 28, 2011. Appellant's first motion for discovery was filed on September 2, 2011 and the motion to compel was filed on October 24, 2011, some four days before the rescheduled trial date.

{¶18} Loc.R. 15.01 of the Court of Common Pleas of Delaware County, General Division, provides that a continuance request made after the trial confirmation date "will not be granted except under extraordinary circumstances where there is no alternative means of preventing a substantial injustice." Loc.R. 24.04(A) sets discovery cutoff to 40 days from the date of the filing of the case.

{¶19} When viewed most liberally, the 40 days for discovery would have commenced after the case was returned to the active docket following the unsuccessful mediation. See, Scheduling Entry filed April 4, 2011. Therefore, the discovery cutoff date would have been May 14, 2011. Even using the July 5, 2011 judgment entry setting the trial date for August 18, 2011, the discovery cutoff date would have been

August 14, 2011. We concur with the trial court that appellant's September 2, 2011 discovery request was untimely.

{¶20} Upon review, we find the trial court did not err in denying appellant's motion to compel discovery.

{¶21} Assignment of Error II is denied.

III

{¶22} Appellant claims the trial court erred in denying his motion to disqualify appellee's trial counsel's law firm as a current member of the firm represented him in 2009 in an unrelated matter. We disagree.

{¶23} We first note appellant's motion to disqualify the law firm was filed on January 9, 2012, after the bench trial to the magistrate and after the cutoff date for dispositive motions.

{¶24} Appellee responded to the motion on January 27, 2012, and explained the attorney involved (Michael Carleton) joined the law firm on September 26, 2011, after the discovery cutoff date, but before the continued trial date of October 28, 2011. Via an affidavit attached to the response, Mr. Janes averred he had no knowledge of the former representation and did not have any contact with Mr. Carleton about appellant or any matter related to appellant.

{¶25} In support of his argument, appellant cites to DR 1.10(a) of the Ohio Rules of Professional Conduct:

> While lawyers are associated in a *firm,* none of them shall represent a client when the lawyer *knows* or *reasonably should know* that

any one of them practicing alone would be prohibited from doing so by Rule 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the *firm*.  (Emphasis sic.)

{¶26}  The previous matter involved a forcible entry and detainer action with a counterclaim by appellant to quiet title.  The matter was settled on March 30, 2010.

{¶27}  In its February 27, 2012 judgment entry denying the motion to disqualify, the trial court stated the following:

> In addition, the instant action is one for foreclosure of the Defendant's personal residence.  The Defendant submits that Attorney Carlton was an associate with the firm that represented him in another action involving consolidated cases in which the Defendant and his business partner, David Tushar, filed claims against each other to determine which party had a right to occupy the property involved in the lawsuit.  The consolidated action involved a different piece of property.  Furthermore, the instant foreclosure action was not pending at the time the prior consolidated case was pending.
>
> The Court finds that the instant action does not involve the same matter as that in which Attorney Carlton previously represented the

Defendant.  Therefore, the Court finds that no conflict of interest exists in this case.

{¶28}  We concur with the trial court's analysis.  Appellant did not meet his burden to establish a conflict, and the motion was untimely made.

{¶29}  Upon review, we find the trial court did not err in denying appellant's motion to disqualify.

{¶30}  Assignment of Error III is denied.

{¶31}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ William B. Hoffman_____

JUDGES


SGF/sg 115

[Cite as *Bank of Am., NA v. Valentine*, 2013-Ohio-598.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BAN K OF AMERICA, NA | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LEWIS J. VALENTINE, ET AL. | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 12 CAE 03 0020 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.  Costs to appellant, Lewis Valentine.




s/ Sheila G. Farmer_____



s/ Patricia A. Delaney_____



s/ William B. Hoffman_____

JUDGES